IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY- CAMDEN VICINAGE

---

RICHARD J. DREW

    Plaintiff,

v.                                                                                    No.

U 1/2 2 INC., also known as,
USAPHONE.COM                          JURY TRIAL DEMANDED

    and

GREGORY GUTOS

    Defendants.

---

## CIVIL COMPLAINT

Plaintiff Richard J. Drew files this Complaint against Defendants U 1/2 2 Inc., also known as, USAPhone.com and Gregory Gutos, and in support thereof avers as follows:

### Nature of Claim

1. Plaintiff files this Complaint under the Fair Labor Standards Act of 1938, 29 U. S. C. § 201, et. seq. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4, et. seq.

### Jurisdiction and Venue

2. This Court has federal question jurisdiction of this matter pursuant to 28 U. S. C. §1331 (Count I), and supplemental jurisdiction over the New Jersey state law claim (Count II) pursuant to 28 U. S. C. §1367.

3. Venue is appropriate in this Court since defendants reside in this district and the events in question took place in this district.

**Parties**

4.      Plaintiff Richard J. Drew ("Drew") is an individual who resides at 1207 Wakefield Road, Flourtown, PA 19031.

5.      Defendant U 1/2 2 Inc., also known as, USAPhone.com ("USAPhone"), is a New Jersey corporation which provides service and installation of telephone systems to businesses and maintains a principal place of business at 1790 Route 70 East, Cherry Hill, NJ 08003.

6.      Defendant Gregory Gutos ("Gutos") is the General Manager and President of USAPhone and maintains his principal place of business at 1790 Route 70 East, Cherry Hill, NJ 08003. Gutos is a corporate officer with operational control of USAPhone.com.

**Factual Background**

7.      Plaintiff Drew originally commenced employment with USAPhone in 1997; Drew left the employ of USAPhone in 1999; and returned in March 2005.

8.      From March 2005 to April 30, 2015, Plaintiff Drew was employed by USAPhone in a position titled, Manager of Field Service and Installation.

9.      During the last three years of Plaintiff Drew's employment, Plaintiff's principal duties were installing telephone systems, performing onsite or remote service calls for clients, setting up and recording voice prompts for automated attendants for installations, setting up and monitoring hosted customer sites on the Edgeview remote monitoring server, responding to email notifications of quality of service and system outages, investigating ISP troubles, investigating network or configuration troubles and notifying carriers of outages, answering technical questions from other technicians

concerning completing configuration and application changes, and assisting the sales staff with proposals.

10. During the last three years of Plaintiff Drew's employment Defendant USAPhone also employed two Field Service Technicians whose principal duties were installing telephone systems, performing onsite or remote service calls for clients, setting up and recording voice prompts for automated attendants for installations and setting up and monitoring hosted customer sites.

11. During the last three years of Plaintiff Drew's employment, Plaintiff performed the same duties as the Field Service Technicians at least ninety (90) per cent of the time.

12. Plaintiff Drew's daily schedule was planned by Joe Groves, Service Manager, who also scheduled the two Field Service Technicians.

13 Plaintiff Drew was paid an annual salary of $75,675.60, which was paid bi-monthly at the rate of $3,153.15 per period (which is the equivalent of $1,455.30 weekly).

14. Most work weeks during the years 2013-2015, Plaintiff Drew was required to work in excess of forty (40) hours per week.

15. During the weeks ending from on or about June 9, 2013 through the week ending December 29, 2013, Plaintiff Drew's cumulative total weekly work hours over 40 hours per week was approximately 78.5 hours ("Overtime Hours").

16. During the weeks ending from on or about January 5, 2014 through the week ending December 28, 2014, Plaintiff Drew's cumulative total weekly work hours over 40 hours per week exceeded 360 Overtime Hours.

17. During the weeks ending from on or about January 1, 2015 through the week ending May 3, 2015, Plaintiff Drew's cumulative total weekly work hours over 40 hours per week was approximately 367 Overtime Hours.

18. During most work days Plaintiff Drew had no distinct lunch break.

19. Plaintiff Drew was not paid one and one-half times his regularly hourly rate for the Overtime Hours.

20. Plaintiff Drew complained to Defendant USAPhone's Vice President of Operations Steve Silverman ("Silverman") about the pay he was receiving because Plaintiff was not receiving overtime pay at one and one-half times his regularly hourly rate for all hours which Plaintiff worked in excess of forty (40) hours per week ("Overtime Pay").

21. Vice President of Operations Silverman stated that Plaintiff Drew was a salaried employee and refused to pay Plaintiff Overtime Pay.

22. Plaintiff Drew never received Overtime Pay for any workweek during the last three years of his employment.

23. Plaintiff Drew's primary duty at Defendant USAPhone did not involve managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

24. Plaintiff Drew did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

25. Plaintiff Drew did not have the authority to hire or fire other employees.

26. Plaintiff Drew did not customarily and regularly exercise discretionary powers.

27. Plaintiff Drew's primary duty at Defendant USAPhone did not involve the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

28. Plaintiff Drew was not employed at Defendant USAPhone as a computer systems analyst, computer programmer, software engineer or other similarly skilled worker in the computer field.

29. Plaintiff Drew's primary duty at Defendant USAPhone did not involve the performance of work requiring advanced knowledge, predominantly intellectual in character and did not require the consistent exercise of discretion and judgment in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

30. Plaintiff Drew's primary duty at Defendant USAPhone did not involve the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

31. As a result of Defendant USAPhone's pay practices and policies, Plaintiff Drew has not been paid overtime pay for which he is legally entitled.

32. As a consequence of Defendant USAPhone's wage payment compensation system, Plaintiff Drew has been deprived of significant compensation consisting of overtime wages at one and one half times his regular rate.

33. Defendant USAPhone willfully perpetrated its wage payment compensation system to prevent Plaintiff Drew from collecting proper overtime wages that he is entitled to receive under applicable law.

34. Defendant Gutos is the owner and operator of Defendant USAPhone.

35. Defendant Gutos had the power to hire and fire Defendant USAPhone employees, including Plaintiff Drew.

36. Defendant Gutos supervised and controlled the work schedules of Defendant USAPhone employees, including Plaintiff Drew.

37. Defendant Gutos had an active role in corporate advising, policy-making and decision-making for Defendant USAPhone.

38. Defendant Gutos determined the rate and method of compensation of Defendant USAPhone employees, including Plaintiff Drew.

39. Defendant Gutos maintains responsibility for Defendant USA Phone's employment records.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U. S. C. § 201, et. seq. – OVERTIME PAY

40. Paragraphs 1 to 39 are incorporated herein as if set forth in full.

41. Plaintiff Drew was an Employee within the meaning of 29 U. S. C. §203(e)(1) during the term of his employment with Defendant USAPhone.

42. During Plaintiff Drew's employment, Defendant USAPhone was engaged in commerce, engaged in the production of goods for commerce and/or employed in an enterprise engaged in commerce or in the production of goods for commerce.

43. Defendant USAPhone has gross annual revenue of greater than $500,000.00.

44. Plaintiff Drew is a party to whom wages are owed.

45. Defendant USAPhone is an employer within the meaning of 29 U. S. C. §203(d) of the FLSA.

46. Defendant USAPhone repeatedly failed to comply with the maximum hours provisions of 29 U. S. C. §207 of the FLSA by failing to pay Plaintiff Drew time and one-half of his regular rate for hours worked in excess of forty (40) hours per week.

47. Defendant USAPhone's actions were willful as USAPhone knew, or should have known of the FLSA's requirements.

48. Defendant USAPhone's failures violate the overtime provisions of the FLSA.

49. As a corporate officer with operational control, Defendant Gutos is individually liable for Defendant USAPhone's actions under the FLSA.

WHEREFORE, Plaintiff Richard J. Drew respectfully requests that this Court enter an Order awarding all such equitable relief provided for by 29 U.S. Code §216, including a declaratory judgment that Defendant USAPhone.com's actions complained of herein, violate the enactments of the federal legislature, and that the Court enter judgment in Plaintiff's favor against Defendants USAPhone.com and Gregory Gutos, jointly and severally, in the form of all compensation and monetary losses, which Plaintiff has sustained including unpaid overtime, which the court deems appropriate.

## COUNT II

## VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW

## N.J.S.A. 34:11-56a4, et. seq.

50. Paragraphs 1 to 49 are incorporated herein as if set forth in full.

51. During the course of his employment Plaintiff Drew was an Employee within the meaning of the NJWHL.

52. Plaintiff Drew is a Party to whom overtime wages are owed.

53. Defendant USAPhone is an Employer within the meaning of NJWHL.

54. Defendant USAPhone failed to comply with the maximum hours provisions of the NJWHL by failing to pay Plaintiff Drew time and one-half of this regular rate for hours worked in excess of forty (40) hours per week.

55. Defendant USAPhone's acts were willful, as Defendants should have known of the NJWHL's requirements.

56. Defendant USAPhone's failures violate the overtime provisions of the NJWHL.

57. Under the NJWHL, Defendant Gregory Gutos is individually liable for Defendant USAPhone's actions as corporate officer with operational control and is deemed an employer under the NJWHL.

WHEREFORE, Plaintiff Richard J. Drew respectfully requests that this Court enter judgment in Plaintiff's favor against Defendants USAPhone.com and Gregory Gutos, jointly and severally, and award (1) all amounts of overtime wages that Plaintiff should have received under the NJWHL but for Defendants' violation of his rights, (3) unpaid wages Plaintiff should have received under the NJWHL, (4) reasonable attorneys'

fees, expert witness fees, interest and costs, (5) and any other relief, which the Court deems appropriate.

/S/ Andrew S. Abramson, Esq.
_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742

Attorney for Plaintiff Richard J. Drew

Dated: June 15, 2015